# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THE HARTFORD FIRE INSURANCE COMPANY,** ) <br> Address: ) <br>    Hartford Plaza ) <br>    Hartford, CT  06115 ) <br> ) <br>        **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **P & H CATTLE COMPANY, INC.** ) <br> Serve at: ) <br>    Resident Agent: ) <br>    Scott Peak ) <br>    502 Albert ) <br>    Emporia, KS 66801-0000 ) <br> ) <br> **TIM REECE d/b/a REECE CATTLE COMPANY** ) <br> Serve at: ) <br>    1039 Stafford Road ) <br>    Pomona, KS  66076-8980 ) <br> ) <br> **EMPORIA LIVESTOCK SALES, INC.** ) <br> Serve at: ) <br>    502 Albert ) <br>    Emporia, KS  66801 ) <br> ) <br> **OLMA V. PEAK** ) <br> Serve at: ) <br>    2524 W. 24th Street ) <br>    Emporia, KS  66801 ) <br> ) <br> **VELMA M. PEAK, a/k/a Velma Peak** ) <br> Serve at: ) <br>    2524 W. 24th Street ) <br>    Emporia, KS  66801 ) <br> ) <br> **AMBY SCOTT PEAK, TRUSTEE** ) <br> Serve at: ) <br>    2730 W. 24th Avenue ) <br>    Emporia, KS  66801 ) | Case No. 05 - 2001 KHV <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

|  |  |
|---|---|
| **VIRGINA L. MORRIS, TRUSTEE** <br> <u>Serve at:</u> <br>     2011 Tecumseh Rd. <br>     Manhattan, KS 66502 <br><br> **CHRYSANNE M. HASELHORST, TRUSTEE** <br>     RR 1, Box 23 <br>     Strong City, KS  66869 <br><br> **(Trustees of the OLMA V. PEAK AND VELMA M. PEAK IRREVOCABLE TRUST),** <br><br> **OLMA V. PEAK AND VELMA M. PEAK IRREVOCABLE TRUST),** <br> <u>Serve at:</u> <br>     Amby Scott Peak, Trustee <br>     2730 W. 24th Avenue <br>     Emporia, KS  66801 <br>         **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Hartford Fire Insurance Company hereby asserts the following Complaint against the above named defendants, as follows:

### Jurisdiction and Venue

1.    Plaintiff is a corporation incorporated under the laws of the State of Connecticut and has its principal place of business in the State of Connecticut.

2.    Defendant P & H Cattle Company, Inc. is a corporation domiciled in the State of Kansas with its principal place of business is in the State of Kansas and, therefore, a citizen of the State of Kansas.

3.    Defendants Olma V. Peak and Velma M. Peak are husband and wife, and are citizens of the State of Kansas.

2

4. Defendant Tim Reece d/b/a Reece Cattle Company is a citizen of the State of Kansas.

5. Defendant Emporia Livestock Sales, Inc. is a corporation domiciled in the State of Kansas with its principal place of business in the State of Kansas and, therefore, a citizen of the State of Kansas.

6. Upon information and belief Amby Scott Peak, Virginia L. Morris and Chrysanne M. Haselhorst are co-trustees of the Olma V. Peak and Velma M. Peak Irrevocable Trust, and said trustees are citizens of the State of Kansas.

7. There is complete diversity of citizenship between the plaintiff, on the one hand, and all defendants, on the other hand. There is Federal jurisdiction because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, being $75,000.00.

8. Venue for this action properly lies with this Court pursuant to 28 U.S. C. §1391(a) for the reason that all defendants reside in the State of Kansas.

9. This claim is brought upon theories of contractual and implied indemnity, and fraudulent conveyance under state law, and this Court has subject matter jurisdiction.

10. The defendants named above can be personally served with process at the addresses above. Additionally, the defendant Olma V. Peak and Velma M. Peak Irrevocable Trust (hereinafter the "Peak Trust") is an unincorporated association and can be served by serving one of its trustees pursuant to K.S.A. § 60-304(e).

11. The defendants have transacted business in the State of Kansas and, as to the named trustees, have acted as a trustee of a trust having a place of business in the State of Kansas and, therefore, can be personally served with process within or without the State of Kansas

3

pursuant to K.S.A § 60-308(b) (1) and (6), and Rule 4 (e) of the Federal Rules of Civil Procedure (FRCP).

## General Allegations

For its General Allegations, plaintiff incorporates the allegations in paragraphs 1 through 11, and further alleges:

12. Defendant P & H Cattle Company, Inc., was a registered bonded livestock marketing agency or dealer.

13. Plaintiff issued a bond to defendant P & H Cattle Company, Inc., designated a Bond Required of Livestock Market Agencies, Dealers and Packers under the Packers and Stockyards Act of 1921 as Amended, bearing the number of 453990 (hereinafter the "Bond"). On the bond, plaintiff was listed as Surety.

14. Defendant P & H Cattle, Inc. was a clearing agent for defendant Tim Reece d/b/a Reece Cattle Company. Defendant Tim Reece was named as a "clearee" under the Bond, meaning that defendant P & H Cattle, as principal (and plaintiff, as surety), could be liable for payment when due to the person entitled to receive the purchase price of all livestock purchased by Tim Reece for his account, the account of defendant P & H Cattle, or the account of others.

15. Defendant Reece purchased cattle from one Aaron Wilkey d/b/a A & W Cattle Company (not a party) on his own account or for the account of others, and the purchase price for the cattle was not paid.

16. Said Aaron Wilkey d/b/a A & W Cattle Company brought suit against plaintiff herein and defendants, P & H Cattle Company, Inc. and Tim Reece, in the United States District Court for the District of Kansas, styled *Aaron Wilkey d/b/a A & W Cattle Company vs. P & H*

*Cattle Company, Inc. et al.*, case number 02-2376-DJW (hereinafter the "Wilkey Case"). The amount of the claim in the Wilkey Case was approximately $186,780.39.

17. Plaintiff as a named defendant was compelled to defend itself in the Wilkey Case and incurred legal fees and expenses in doing so.

18. Defendants P & H Cattle Co., Inc., Emporia Livestock Sales, Inc., Olma V. Peak and Velma Peak entered into a General Indemnity Agreement with plaintiff, a true and conformed copy of which is attached hereto as Exhibit A (the "GIA"). Said defendants are "Indemnitors" under the GIA.

19. With respect to liability of the Indemnitors, the GIA provides *inter alia* as follows, to-wit:

    a. The GIA applies to all Bonds executed by the Surety on which any Indemnitor either acts solely or as a member of a partnership or a joint venture;

    b. The Indemnitors will indemnify and hold the Surety harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interest and attorney's fees, which the Surety incurs or sustains (1) because of having furnished any Bond, or (2) because of the failure of an Indemnitor to discharge any obligations under the GIA, or (3) in enforcing any of the provision of the Agreement (GIA);

    c. On demand by the Surety, the Indemnitors will pay the Surety the amount deemed necessary for the Surety to protect itself from all losses or expenses as soon as the Surety determines that liability exists;

    d. The Indemnitors shall be liable to the Surety for all payments, plus interest thereon at the maximum rate permitted by law, from the date such payments are made by the Surety in the belief that either (1) the Surety was or might be liable therefor, or that

5

(2) they were necessary or advisable to protect the Surety's rights or to avoid or lessen the Surety's liability;

  e. The Surety may adjust, settle or compromise any claim, demand, suit or judgment upon any Bonds; and

  f. The defendant Indemnitors are jointly and severally liable for their obligations under the GIA.

20. Plaintiff entered into a settlement with the claimant in the Wilkey Case and it paid the sum of $75,000. Said sum was paid on or about June 30, 2004.

21. It was plaintiff's belief, as Surety, that plaintiff was or might be liable for the amount of the claim of the claimant in the Wilkey Case, and that payment of said settlement amount was necessary and advisable to protect the plaintiff's rights, and to avoid or lessen plaintiff's liability, as Surety, to the claimant in the Wilkey Case.

22. In defending the Wilkey Case plaintiff incurred legal fees or $34,997.50 and expenses of litigation of $1,386.48. Such fees and expenses were reasonable and necessary for plaintiff to defend the Wilkey Case. Such amounts, together with the settlement amount total $111,383.98.

23. Pursuant to the GIA, plaintiff is entitled to interest on the amounts so expended, at the highest rate permitted by law. As of December 30, 2004 the amount of $5,692.96 has accrued and continues to accrue at the per diem rate of $30.94 (interest rate of 10% annum).

## Count I:  Claim for Contractual Indemnity
### Against P & H Cattle Company, Inc.; Emporia Livestock Sales, Inc.; Olma V. Peak and Velma M. Peak

For its cause of action to establish contractual indemnity, plaintiff incorporates the allegations in paragraphs 1 through 23, and further alleges:

24. Under the GIA, P & H Cattle Company, Inc., Emporia Livestock Sales, Inc., Olma V. Peak and Velma M. Peak are jointly and severally liable to plaintiff for sums expended in defending and settling the Wilkey Case, including the settlement amount of $75,000, attorneys' fees and expenses as set forth in paragraph 22 above and interest as set forth in paragraph 23 above.

25. All notices and demands required to be served on said defendants, as Indemnitors, have been timely given by plaintiff.

26. Plaintiff has performed all of the obligations required to be performed by it under the GIA and the Bond.

WHEREFORE, plaintiff prays for judgment against defendants P & H Cattle Company, Inc., Emporia Livestock Sales, Inc., Olma V. Peak and Velma M. Peak, jointly and severally, as follows:

    A. For the total sum of $117,076.94 as of December 30, 2004 subject to increase for continued accrual of interest;

    B. For prejudgment interest at the highest rate allowed by law;

    C. For plaintiff's attorneys' fees and expenses of litigation of the within action;

    D. For the costs of this action; and

    E. For such other and further relief as the Court deems to be just and equitable in the premises.

## Count II:  Common Law Indemnity
### Against Tim Reece

For its cause of action for common law indemnity against Tim Reece, plaintiff incorporates the allegations in paragraphs 1 through 26, and further alleges:

27. The plaintiff, being without fault and in order to protect its liability to persons that are protected from a "clearee" under the Bond (one who does not pay for his cattle purchases or for cattle purchased for the account of others), was compelled to pay the settlement amount, and incur legal fees and expenses as set forth in paragraph 22 above on behalf of defendant Reece, when defendant Reece ought to have paid these sums, which sums constitute a liquidated claim.

28. This payment, in effect, paid a debt that defendant owed to Wilkey, and was money had and received by defendant Reece.

29. It would be an undeserved windfall for defendant Reece to accept said benefit without payment therefor and, and an injustice to plaintiff for having to pay it.

30. Equity and common law requires that plaintiff be indemnified by defendant Reece for the amounts so paid, together with prejudgment interest as set forth in paragraph 23 above.

WHEREFORE, plaintiff prays for judgment against defendant Tim Reece, as follows:

    A. For the total sum of $117,076.94 as of December 30, 2004 subject to increase for continued accrual of interest;

    B. For prejudgment interest at the highest rate allowed by law;

    C. For the costs of this action; and

    D. For such other and further relief as the Court deems to be just and equitable in the premises.

### Count III:  Debt and To Set Aside Fraudulent Conveyances (Common Law)
**Against Olma V. Peak and Velma M. Peak; Amby Scott Peak, Virginia L. Morris, and Chrysanne M. Haselhorst, co-trustees of the Olma V. Peak and Velma M. Peak Irrevocable Trust; and against the Olma V. Peak and Velma M. Peak Irrevocable Trust**

For its cause of action for debt and to set aside fraudulent conveyances, against Olma V. Peak, Velma M. Peak, the Peak Trust, and the Peak Trust trustees, plaintiff incorporates all of the allegations in paragraphs 1 through 30, and further alleges:

31. Defendants Olma V. Peak and Velma M. Peak, on or about April 6, 1993 executed and delivered to plaintiff the GIA.

32. Defendants Olma V. Peak and Velma M. Peak defendants owe to plaintiff the amounts set forth in paragraphs 22 and 23 above under the aforesaid provisions of the GIA.

33. Defendants, Olma V. Peak and Velma M. Peak on or about February, 17th 1998 transferred a substantial amount of their property, real and personal, to the defendant the Peak Trust, of which defendants Amby Scott Peak, Virginia L. Morris and Chrysanne M. Haselhorst are co-trustees.  Thereafter, from time to time the Peak Trust (acting by and through the co-trustees aforesaid) and Olma V. Peak and Velma M. Peak (acting individually) transferred real estate assets to related parties. Said transfers were for the purpose of defrauding plaintiff and/or hindering and delaying the collection of the indebtedness evidenced by the GIA above referred to.

WHEREFORE, plaintiff prays for judgment against defendants Olma V. Peak, Velma M. Peak, The Peak Trust and Amby Scott Peak, Virginia L. Morris and Chrysanne M. Haselhorst, the latter three individuals in their capacity of co-trustees of the Peak Trust, jointly and severally, on this Count III as follows:

        A.    For the total sum of $117,076.94 as of December 30 subject to increase for continued accrual of interest;

    B.    For prejudgment interest at the highest rate allowed by law;

    C.    For plaintiff's attorneys' fees and expenses of litigation;

    D.    That the aforesaid conveyance to the Peak Trust and Amby Scott Peak, Virginia L. Morris and Chrysanne M. Haselhorst co-trustees of the Peak Trust be declared void and set aside and the judgment entered herein be declared a lien on said property;

    E.    For the costs of this action; and

    F.    For such other and further relief as the Court deems to be just and equitable in the premises.

## Count IV:  Debt and To Set Aside Fraudulent Conveyances (KSA §33-201 *et seq.*)
### Against Olma V. Peak and Velma M. Peak; Amby Scott Peak, Virginia L. Morris, and Chrysanne M. Haselhorst, co-trustees of the Olma V. Peak and Velma M. Peak Irrevocable Trust; and against the Olma V. Peak and Velma M. Peak Irrevocable Trust

For its cause of action for debt and to set aside fraudulent conveyances (statutory), against Olma V. Peak, Velma M. Peak, the Peak Trust, and the Peak Trust trustees, plaintiff incorporates all of the allegations in paragraphs 1 through 33, and further alleges:

34.    Defendants Olma V. Peak and Velma M. Peak, on or about April 6, 1993 executed and delivered to plaintiff the GIA.

35.    Defendants Olma V. Peak and Velma M. Peak owe to plaintiff the amounts set forth in paragraphs 22 and 23 above under the aforesaid provisions of the GIA.

36.    Defendants, Olma V. Peak and Velma M. Peak on or about February, 17th 1998, and thereafter from time to time, transferred a substantial amount of their property, real and personal, to the defendant the Peak Trust, of which defendants Amby Scott Peak, Virginia L. Morris and Chrysanne M. Haselhorst are co-trustees (collectively the "Co-Trustees").  The Co-Trustees are relatives of defendants Olma V. Peak and Velma M. Peak and are, therefore, insiders under K.S.A. § 33-201(g)1A.  Moreover, the Co-Trustees are affiliates as that term is

defined in K.S.A. § 33-201(a)4 and § 33-201(g)4. Thereafter, from time to time the Peak Trust (acting by and through the co-trustees aforesaid) and Olma V. Peak and Velma M Peak (acting individually) transferred real estate assets to related parties.

37.    Said transfers were made with the actual intent to hinder, delay or defraud a creditor, and/or without receiving a reasonable equivalent value in exchange therefor. The transfers were made when defendants Olma V. Peak and Velma M. Peak intended to incur or believed or reasonably should have believed that they would incur debts (the indemnities given to plaintiff under the GIA) beyond their ability to pay those debts as they became due and, additionally, were about to engage in a business or a transaction for which the remaining assets of the defendants Olma V. Peak and Velma M. Peak were unreasonably small in relation to business or transaction, constituting a fraudulent transfer under K.S.A. § 33-204.

38.    Such transfers were fraudulent as to a present creditor (plaintiff) whose claim arose before the transfer was made and the transfer was made without receiving a reasonable equivalent value in exchange for the said transfers and, further, defendants Olma V. Peak and Velma M. Peak were insolvent at the time or became insolvent as a result of the transfers to the Peak Trust, constituting a fraudulent transfer under K.S.A. § 33-205.

37.    Plaintiff is entitled to (i) have the transfers set aside and avoided pursuant to K.S.A. § 33-207(1), (ii) have the transferred assets attached or other provisional remedy instituted against the assets transferred, pursuant to K.S.A. § 33-207(2), and (iii) have any further relief that the circumstances may require under K.S.A § 33-207(3)(C).

WHEREFORE, plaintiff prays for judgment against defendants Olma V. Peak and Velma Peak, The Peak Trust and Amby Scott Peak, Virginia L. Morris and Chrysanne M. Haselhorst,

11

the latter three individuals in their capacity of co-trustees of the Peak Trust, jointly and severally, on this Count IV as follows:

> A. For the total sum of $117,076.94 as of December 30, 2004 subject to increase for continued accrual of interest;
>
> B. For prejudgment interest at the highest rate allowed by law;
>
> C. For plaintiff's attorneys' fees and expenses of litigation;
>
> D. That the aforesaid transfers to the Peak Trust and Amby Scott Peak, Virginia L. Morris and Chrysanne M. Haselhorst, co-trustees of the Peak Trust, be declared void and set aside, and said assets attached, and the judgment entered herein be declared a lien on the assets so transferred;
>
> E. For the costs of this action; and
>
> F. For such other and further relief as the Court deems to be just and equitable in the premises.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all of its causes of action as set forth herein.

Respectfully submitted,

**BROWN & DUNN**

By    s/Richard W. Byrum
Richard W. Byrum, KS Bar # 08123
9393 W. 110th St., Suite 500
Overland Park, KS 66210
(913)323-6840 Telephone
(816)292-7050 Facsimile
rbyrum@browndunn.com
       and

By    s/Frank Wendt
Frank Wendt, KS Bar # 13924
2300 Commerce Tower
911 Main Street
Kansas City, MO  64105
(816) 292-7000 Telephone
(816) 292-7050 Facsimile
fwendt@browndunn.com
ATTORNEYS FOR PLAINTIFF