DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THE HARTFORD FIRE INSURANCE
COMPANY,

                Plaintiff,

                                        CIVIL ACTION

v.

                                    Case No.  05-2001-DJW

P & H CATTLE COMPANY, INC.,
et al.,

                Defendants.

## MEMORANDUM AND ORDER

      Plaintiff Hartford Fire Insurance Company brings this contractual indemnity action against Defendants to recover under a General Indemnity Agreement sums it alleges it was obligated to expend in defending and settling a prior lawsuit as surety on a bond issued to Defendant P & H Cattle Company, Inc.  This matter is presently before the Court on the Motion for Summary Judgment as to P & H Cattle Company, Inc. and Emporia Livestock Sales, Inc. (doc. 25).  Defendants P & H Cattle Company, Inc. and Emporia Livestock Sales, Inc. contend that as a matter of law they are entitled to dismissal with prejudice because this action was filed against both of them more than three years after the Kansas Secretary of State forfeited their articles of incorporation.  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, the motion is denied.

### I.       Standard for Summary Judgment

      Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with affidavits, if any, show that there is no genuine issue regarding any material

fact and that the moving party is entitled to judgment as a matter of law.[1]   In applying this standard, the

court views the evidence and all reasonable inferences therefrom in the light most favorable to the

nonmoving party.[2]   A fact is "material" if, under the applicable substantive law, it is "essential to the proper

disposition of the claim."[3]  An issue of fact is "genuine" if "there is sufficient evidence on each side so that

a rational trier of fact could resolve the issue either way."[4]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material

fact and entitlement to judgment as a matter of law.[5]   In attempting to meet that standard, a movant that

does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the

movant need simply point out to the court a lack of evidence for the other party on an essential element of

that party's claim.[6]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth

---

[1]Fed. R. Civ. P. 56(c).

[2]*Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002).

[3]*Wright ex rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[4]*Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[5]*Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[6]*Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

2

specific facts showing that there is a genuine issue for trial."[7]   The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[8]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9]  To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."[10]

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"[11]

## II.   Uncontroverted Facts

In their Memorandum in Support of the Motion for Summary Judgment as to P & H Cattle Company, Inc. and Emporia Livestock Sales, Inc., Defendants set forth the following three undisputed facts:

1.       On October 15, 2001, the articles of incorporation of P & H Cattle Co., Inc. were forfeited by the State of Kansas.

2.       On October 15, 1988, the articles of incorporation of Emporia Livestock Sales, Inc. were

---

[7] *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324.

[8]*Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[9]*Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quotation omitted).

[10]*Adams*, 233 F.3d at 1246.

[11]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

3

forfeited by the State of Kansas.

3.      Plaintiff Hartford initiated this proceeding on January 3, 2005.

Plaintiff indicates in its Memorandum in Opposition to Motion for Summary Judgment that all three facts set forth by Defendants P & H Cattle Co., Inc. and Emporia Livestock Sales, Inc. are uncontroverted.  In addition, Plaintiff sets forth the following six additional uncontroverted facts:

1.      P & H Cattle Company, Inc. does not expire until April 23, 2070.

2.      Emporia Livestock Sales, Inc. does not expire until January 8, 2059.

3.      P & H Cattle Company, Inc.'s Articles of Incorporation were forfeited by the Secretary of State for its failure to timely file the annual report and pay franchise fees due for the year ending September 30, 2000.

4.      Emporia Livestock Sales, Inc.'s Articles of Incorporation were forfeited by the Secretary of State on October 15, 1988, for its failure to timely file the annual report and pay franchise fees for the year ending September 30, 1987.

5.      Olma V. Peak, as president of P & H Cattle Co., Inc., executed the General Indemnity Agreement with Hartford Fire Insurance Company on April 6, 1993.

6.      Olma V. Peak, as president of Emporia Livestock Sales, Inc., executed the General Indemnity Agreement with Hartford Fire Insurance Company on April 6, 1993.

## III.    Analysis

Defendants P & H Cattle Company, Inc. and Emporia Livestock Sales Inc. seek dismissal of Plaintiff's claims.  They argue that they were corporations created under the laws of the state of Kansas. Pursuant to those same laws, the state of Kansas recorded the forfeiture of their respective articles of

incorporation on October 15, 2001 and October 15, 1988.  Defendants argue that pursuant to K.S.A. 17-6807 once a corporation's articles of incorporation are forfeited there is a three year window during which the corporation can sue or be sued.  After the three year period of time has expired there is no entity to sue.

Plaintiff opposes the motion, arguing that Defendants have not shown that they were dissolved either in accordance with the procedures of K.S.A. 17-6803 *et seq*., that the corporations have expired by their own limitation pursuant to K.S.A. 17-6807, or that they actually discontinued doing business at the time their articles of incorporation were forfeited by the State of Kansas for failure to file their annual reports and to pay franchise fees.

K.S.A. 17-6807 provides in relevant part as follows:

> All corporations, whether they expire by their own limitation or are otherwise dissolved, including revocation or forfeiture of articles of incorporation pursuant to K.S.A. 17-6812 or 17-7510,[12] and amendments thereto, shall be continued, nevertheless, for the term of three years from such expiration or dissolution or for such longer period as the district court in its discretion shall direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized.

In *Patterson v. Missouri Valley Steel, Inc.*,[13] the Kansas Supreme Court addressed the issue of whether a Kansas corporation, which had been voluntarily dissolved by filing a certificate of dissolution more than three years prior to the action, had lost the capacity to sue or be sued pursuant to K.S.A. 17-

---

[12]K.S.A. 17-7510(a), as amended in 2005, provides that "the failure of any domestic corporation to file the annual report . . . or to pay the report fee . . . shall work the forfeiture of the articles of incorporation of such domestic corporation. . . .  Any corporation that fails to submit such report and fee within such time shall forfeit its articles of incorporation, and the secretary of state shall notify the attorney general that the articles of incorporation of such corporation have been forfeited."

[13]229 Kan. 481, 484, 625 P.2d 483, 486 (1981).

6807.  It held that under K.S.A. 17-6807:

(1) A Kansas corporation may sue or be sued during the three-year wind-up period immediately following its dissolution, whether voluntary or involuntary.

(2) A district court may extend the wind-up period and thus extend the time during which a dissolved Kansas corporation may sue or be sued only if application for such extension is made prior to the end of the three-year period.

(3) A dissolved Kansas corporation may sue or be sued during the period of time that a trustee or receiver for the corporation is appointed and acting pursuant to K.S.A. 17-6808.

(4) Absent a court-ordered extension or the appointment of a trustee or receiver, a Kansas corporation which has been dissolved, either voluntarily or involuntarily, may not sue or be sued after the three-year period has ended.[14]

In 2000, the Kansas Court of Appeals addressed the legal question of whether K.S.A. 17-6807 prohibited an action against a corporation, whose articles of incorporation had been forfeited by the defendant corporation for failure to pay annual fees and failure to file an annual report.[15]  In *Mitchell v. Miller*,[16] the court affirmed the district court's determination that a defendant corporation could not hide behind the provisions of K.S.A. 17-6807.  The court found it significant that even though the articles of incorporation were forfeited by the defendant corporation for failure to pay annual fees and failure to file an annual report, it continued to do business for which it was incorporated after the articles of incorporation were forfeited.[17]  The court noted that K.S.A. 17-6807 is clearly "to help a corporation 'wind up' its affairs

[14]*Id.* at 490-91, 625 P.2d at 491.

[15]*Mitchell v. Miller,* 27 Kan. App. 2d 666, 671-72, 8 P.3d 26, 30-31 (2000).

[16]27 Kan. App. 2d 666, 671-72, 8 P.3d 26 (2000).

[17]*Id.* at 671, 8 P.3d at 31.

and to gradually settle and close its business."[18]  The court further quoted the Delaware state court opinion *Addy v. Short*:[19] "During the three-year period of winding up, the corporation functions exactly as it had functioned before dissolution, with the important qualification that its powers are limited to closing its affairs and do not extend to carrying on the business for which it was established."  The court found that the evidence in the case clearly indicated the defendant corporation was not closing down its business and agreed with the district court's ruling that by continuing to do business after the corporate charter had been forfeited, and based upon the default of the 1992 note, judgment was authorized against it.[20]

Prior to Kansas Court of Appeals decision in *Mitchell*, this court in *Pottorf v. United States*,[21] noted that Kansas law appears to draw a distinction between dissolution of a corporation and forfeiture of a corporation's articles of incorporation for nonpayment of state franchise taxes.  The question presented to the *Pottorf* court was what effect forfeiture of a corporation's articles of incorporation had upon the corporation's existence and ownership of the corporate assets.  Although stating that neither K.S.A. 17-6807 nor *Patterson* controlled the case, the court in dicta stated that it had "no doubt pursuant to K.S.A. 17-6807 and *Patterson* that [the plaintiff] could not sue or be sued after . . . the expiration of the three-year wind-up period."

Four years later in the same case, the court held that K.S.A. 17-6803 did not prevent the plaintiff from joining a corporation whose articles of incorporation had been forfeited fifteen years earlier.  In

---

[18]*Id.* at 672, 8 P.3d at 31.

[19]*Id.* at 672, 8 P.3d at 31 (quoting 47 Del. 157, 163, 89 A.2d 136, 139 (1952)).

[20]*Id.* at 672, 8 P.3d at 31.

[21]773 F. Supp. 1491, 1493 (D. Kan. 1991).

*United States v. Pottorf*,[22] Magistrate Judge Rushfelt disagreed with the earlier dicta and found that forfeiture of the corporation's articles of incorporation by itself did not create a dissolution under the statute and the corporation remained an undissolved corporation.[23]

The Court concludes from the caselaw discussed above that forfeiture of a corporation's articles of incorporation based upon its failure to file a report or pay fees by operation of statute does not automatically dissolve the corporation. Thus, without a showing that the corporation has expired by its own limits or has otherwise been dissolved, the three year limitation for a corporation to sue or be sued contained in K.S.A. 17-6807 is not controlling.

In this case, Plaintiff set forth the following additional uncontroverted facts that Olma V. Peak, as president of P & H Cattle Co., Inc., executed the General Indemnity Agreement with Hartford Fire Insurance Company on April 6, 1993, and Olma V. Peak, as president of Emporia Livestock Sales, Inc., executed the General Indemnity Agreement with Hartford Fire Insurance Company on April 6, 1993. The Court accepts these facts as uncontroverted as Defendants never filed a reply memorandum controverting those facts.

The Court finds that these uncontroverted facts support Plaintiff's claim that Defendants P & H Cattle Company, Inc. and Emporia Livestock Sales, Inc. were continuing to do business for which they were incorporated after their articles of incorporation were forfeited pursuant to operation of statute. As the Court holds that mere forfeiture of an corporation's articles of incorporation by the State of Kansas for failure to file report or pay fees does not automatically dissolve the corporation, Defendants have not met

---

[22]Civ. A. No. 93-2102-JWL, 1994 WL 804644, at *3 (D. Kan. May 17, 1995).

[23]Id. at *3.

8

their burden of demonstrating an absence of a genuine issue of material fact that would entitle them to

judgment as a matter of law on this issue.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment as to P & H Cattle

Company, Inc. and Emporia Livestock Sales, Inc. (doc. 25) is denied.

**IT IS SO ORDERED**.

Dated this 29th day of December, 2005, in Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U. S. MAGISTRATE JUDGE

cc:     All counsel