DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THE HARTFORD FIRE INSURANCE
COMPANY,

                  Plaintiff,

                                     CIVIL ACTION

v.

                                     Case No.  05-2001-DJW

P & H CATTLE COMPANY, INC.,
et al.,

                  Defendants.

## MEMORANDUM AND ORDER

Plaintiff Hartford Fire Insurance Company brings this contractual indemnity action against Defendants to recover sums it alleges it was obligated to expend in defending and settling a prior lawsuit as surety on a bond issued to Defendant P & H Cattle Company, Inc., and under which Defendant Reece was a "clearee." This matter is presently before the Court on the Motion to Dismiss of Defendant Tim Reece (doc. 27). Defendant Reece moves the Court for an order dismissing the implied contractual indemnity claim against him on the grounds that Plaintiff's Complaint fails to proffer any legal basis for its legal responsibility over him or sufficiently allege the legal responsibility Plaintiff had to pay for his allegedly tortious conduct in the prior lawsuit, and fails to sufficiently allege how Plaintiff was compelled to pay a settlement on his behalf. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the motion is denied.

## I.       Standard for Ruling on a Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff

is unable to prove any set of facts entitling him to relief under his theory of recovery,[1] or when an issue of law is dispositive.[2]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice.[3]

In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts, as distinguished from conclusory allegations,[4] and all reasonable inferences from those facts must be viewed in favor of the non-moving party.[5]  Although not required to precisely state each and every element of his claim, a plaintiff must at least advance minimal factual allegations on the material elements of his claim to survive a Rule 12(b)(6) motion to dismiss.[6]  The ultimate issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.[7]  Notwithstanding these deferential rules, the court is not allowed to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[8]

---

[1]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1303 (10th Cir. 1998).

[2]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[3]*Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989).

[4]*Maher*, 144 F.3d at 1304; *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[5]*Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir. 1998).

[6]*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

[8]*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## II.     Discussion and Analysis

Defendant Reece contends that Plaintiff's Complaint fails to state a claim for implied contractual indemnity against him.  He moves the Court for an order dismissing this claim on the grounds that Plaintiff's Complaint (1) fails to proffer any legal basis for its legal responsibility over him or sufficiently allege the legal responsibility Plaintiff had to pay for his allegedly tortious conduct in the prior lawsuit, and (2) fails to sufficiently allege how Plaintiff was compelled to pay a settlement on his behalf.

### A.     Whether Plaintiff has sufficiently alleged that Plaintiff was legally responsible for Defendant Reece's actions

Defendant Reece first argues that Plaintiff has proffered no basis for its legal responsibility over him in that Plaintiff's Complaint contains conclusory allegations of these elements that fail to adequately support its claim for implied contractual indemnity.  He asserts that the Complaint merely states that he was a "clearee" under the bond and does not allege that he contracted with Plaintiff as a surety or that the transaction involved in the prior lawsuit even involved the bond on which he was named as a clearee.

Under Kansas law, an action for implied contractual indemnity arises "when one party without fault is compelled to pay for the tortious acts of another."[9]  The Kansas Supreme Court in *Kennedy v. Sawyer*[10] noted that an implied contractual indemnity claim "may arise in the case of implied or constructive liability when one personally without fault is made to pay for the tortious acts of another." The court further found

_____

[9]*Nolde v. Hamm Asphalt, Inc.*, 202 F. Supp. 2d 1257, 1269 (D. Kan. 2002);  *Bick v. Peat Marwick & Main*, 14 Kan. App. 2d 699, 708, 799 P.2d 94, 102 (1990) (citing *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 642, 666 P.2d 192, 199 (1983)).  *See also Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788, 799-800 (1980) ("A contract of indemnity may be implied when one is compelled to pay what another party ought to pay.").

[10]228 Kan. 439, 618 P.2d 788 (1980).

that the liability of a principal in respondeat superior for the acts of an agent or employee provided a good example.[11]   Other courts have noted that the claim is typically applied where a principle or employer is obligated under the doctrine of respondeat superior to pay a third party for the negligent acts of an agent or employee.[12]   In an implied contractual indemnity action, the indemnitee has a right of action against the indemnitor.[13]

Plaintiff's Complaint contains the following general allegations:  Defendant P & H Cattle Company, Inc., was a registered bonded livestock marketing agency or dealer. (Complaint ¶ 12).  Plaintiff issued a bond to defendant P & H Cattle Company, Inc., designated a Bond Required of Livestock Market Agencies, Dealers and Packers under the Packers and Stockyards Act of 1921 as Amended, bearing the number of 453990 (hereinafter the "Bond").  On the bond, Plaintiff was listed as Surety.  (Complaint ¶ 13) Defendant P & H Cattle, Inc. was a clearing agent for defendant Tim Reece d/b/a Reece Cattle Company. Defendant Tim Reece was named as a "clearee" under the Bond, meaning that defendant P & H Cattle, as principal (and plaintiff, as surety), could be liable for payment when due to the person entitled to receive the purchase price of all livestock purchased by Tim Reece for his account, the account of defendant P & H Cattle, or the account of others.  (Complaint ¶ 14)  Defendant Reece purchased cattle from one Aaron Wilkey d/b/a A & W Cattle Company (not a party) on his own account or for the account of others, and the purchase price for the cattle was not paid. (Complaint ¶ 15)  Said Aaron Wilkey d/b/a A & W Cattle

_____

[11]*Id.* at 455, 618 P.2d at 799-800.

[12]*Burlington N. v. Cosco N. Am., Inc*., No. 03-2065-JWL, 2003 WL 21685908, at *3 (D. Kan. July 15, 2003); *Kennedy*, 618 P.2d at 799-800; *Nold,* 202 F. Supp. 2d at 1269.

[13]*Haysville*, 233 Kan. at 642, 666 P.2d at 199.

Company brought suit against plaintiff herein and defendants, P & H Cattle Company, Inc. and Tim Reece, in the United States District Court for the District of Kansas, styled Aaron Wilkey d/b/a A & W Cattle Company vs. P & H Cattle Company, Inc. et al., case number 02-2376-DJW (hereinafter the "*Wilkey* Case"). The amount of the claim in the *Wilkey* Case was approximately $186,780.39.  (Complaint ¶ 16) Plaintiff as a named defendant was compelled to defend itself in the Wilkey Case and incurred legal fees and expenses in doing so.  (Complaint ¶ 17)

In Count II, the Complaint further alleges that Plaintiff, being without fault and in order to protect its liability to persons that are protected from a "clearee" under the Bond (one who does not pay for his cattle purchases or for cattle purchased for the account of others), was compelled to pay the settlement amount, and incur legal fees and expenses as set forth in paragraph 22 above on behalf of defendant Reece, when defendant Reece ought to have paid these sums, which sums constitute a liquidated claim.  (Complaint ¶ 27)  This payment, in effect, paid a debt that defendant owed to Wilkey, and was money had and received by defendant Reece.  (Complaint ¶ 28)  It would be an undeserved windfall for defendant Reece to accept said benefit without payment therefor, and an injustice to plaintiff for having to pay it.  (Complaint ¶ 29)

In his motion to dismiss, Defendant Reece asserts that the Complaint merely states that he was a "clearee" under the bond and does not allege that he contracted with Plaintiff as a surety or that the transaction involved in the prior lawsuit even involved the bond on which he was named as a clearee.  The Court notes that Plaintiff alleges in its Complaint that "Defendant Tim Reece was named as a "clearee" under the Bond, meaning that defendant P & H Cattle, as principal (*and plaintiff, as surety*), could be liable for payment when due to the person entitled to receive the purchase price of all livestock purchased

5

by Tim Reece for his account, the account of defendant P & H Cattle, or the account of others."[14]  Count

II further alleges that "Plaintiff, being without fault and in order to protect its liability to persons that are

protected from a "clearee" under the Bond (one who does not pay for his cattle purchases or for cattle

purchased for the account of others), was compelled to pay the settlement amount, and incur legal fees and

expenses . . . on behalf of defendant Reece, when defendant Reece ought to have paid these sums, which

sums constitute a liquidated claim."

Based on this language, the Court finds that Plaintiff has sufficiently pled that it was legally

responsible for Defendant Reece's action in "not pay[ing] for his cattle purchases or for cattle purchased

for the account of others" as a "clearee" under the surety bond issued to P & H Cattle Co. (Complaint ¶

27).   This is a sufficient allegation of a relationship between Plaintiff and Defendant Reece.  Although

Plaintiff does not allege a principal/agent or employer/employee relationship, this is not dispositive of the

claim.  The Court has found no case limiting implied contractual indemnity claims to principle/agent and

employer/employee relationships.  Instead the cases simply note that an implied indemnity claim is typically

found in the situation where the parties have a principal/agent or employer/employee  relationship.[15]

Plaintiff has alleged that Defendant Reece is a "clearee" under the Bond, and has further alleged

that being a "clearee" means "that defendant P & H Cattle, as principal (and Plaintiff, as surety), could be

liable for payment when due to the person entitled to receive the purchase price of all livestock purchased

---

[14]Emphasis added.

[15]*See Kennedy,* 228 Kan. at 455, 618 P.2d at 799-800 ("liability of a principal in respondeat superior for the acts of an agent or employee provides a good example"); *Burlington,* 2003 WL 21685908, at *3 (the claim is typically applied where a principal or employer is obligated under respondeat superior to pay a third party for the negligent acts of an agent or employee).

by Defendant Reece for his account, the account of defendant P & H Cattle, or the account of others."

(Complaint ¶ 14). Viewing all reasonable inferences that can be drawn from the Complaint as true and

viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently pled that it was

legally responsible for Defendant Reece's actions as a "clearee" under the bond to assert a claim for

implied contractual indemnity against Defendant Reece.

      **B.**      **Whether Plaintiff has sufficiently alleged how it was compelled to pay a settlement on Mr. Reece's behalf**

Defendant Reece next argues that Plaintiff has failed to sufficiently allege how it was compelled to

pay a settlement on his behalf.   He points out that Plaintiff states it paid a settlement on its own behalf, but

he remained in the previous case and paid his own settlement to resolve the case against him.  Defendant

Reece further argues that Plaintiff alleges that it was necessary to pay the settlement amount to avoid or

lessen its own liability in the prior lawsuit and that Plaintiff does not allege that it was compelled to pay a

settlement amount for his liability in the prior lawsuit.

Plaintiff's Complaint alleges that as a named defendant, it was compelled to defend itself in the

*Wilkey* Case and incurred legal fees and expenses in doing so. (Complaint ¶ 27) Plaintiff's Complaint

alleges that Plaintiff was compelled to pay the settlement amount, and incur legal fees and expenses on

behalf of defendant Reece, when defendant Reece ought to have paid these sums. (Complaint ¶ 27)

The Court finds that Plaintiff's general allegation that it was compelled to pay the settlement amount

and incur legal fees and expenses on behalf of Defendant Reece is sufficient to state a claim for implied

contractual indemnity.   Whether Plaintiff can prove this allegation is an evidentiary matter and is not

appropriate grounds for dismissal under Rule 12(b)(6).  Viewing all reasonable inferences that can be

drawn from the Complaint as true and viewed in the light most favorable to Plaintiff, the Court finds that

Plaintiff has sufficiently stated a claim for implied contractual indemnity against Defendant Reece so as to

survive a Rule 12(b)(6) motion to dismiss.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendant Tim Reece (doc. 27)

is denied.

**IT IS SO ORDERED**.

Dated this 29th day of December, 2005, in Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U. S. MAGISTRATE JUDGE

cc:     All counsel