DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HARTFORD FIRE INSURANCE
COMPANY,

        Plaintiff,

                                CIVIL ACTION

v.

                                Case No.  05-2001-DJW

P & H CATTLE COMPANY, INC.,
et al.,

        Defendants.


## MEMORANDUM AND ORDER

Plaintiff Hartford Fire Insurance Company ("Hartford") brings this contractual indemnity action against Defendants to recover under a General Indemnity Agreement sums it alleges it was obligated to expend in defending and settling a prior lawsuit as surety on a bond issued to Defendant P & H Cattle Company, Inc. ("P & H Cattle Co."). This matter is presently before the Court on Plaintiff's Motion for An Order to Correct Clerical Error in the Caption of Plaintiff's Complaint Pertaining to the Corporate Name of Plaintiff (doc. 61). Plaintiff moves the Court for an Order correcting its corporate name in the caption of its Complaint, and all other pleadings and references in which its name appears preceded by the word "The." Defendants P & H Cattle Co., Emporia Livestock Sales, Inc., Olma V. Peak, Velma M. Peak, the Olma V. Peak and Velma M. Peak Irrevocable Trust, and its co-trustees (collectively "the Peak Defendants") oppose the motion on the grounds of untimeliness, futility, and prejudice.

The Peak Defendants argue that they will be prejudiced if Plaintiff is granted leave to correct its corporate name in the pleadings because this could render moot their similar "The" defense in the underlying

lawsuit which gave rise to the instant action.  In the underlying lawsuit, Aaron Wilkey d/b/a A & W Cattle Company, asserted claims against The Hartford Fire Insurance Company, P & H Cattle Co., and Tim Reece in the United States District Court for the District of Kansas, case number 02-2376-DJW (hereinafter the "*Wilkey* Action").  The claims in the *Wilkey* Action were eventually settled.  Hartford is now seeking to recover from all the defendants sums it alleges it was obligated to expend in defending and settling the *Wilkey* Action.  In the *Wilkey* Action, the Peak Defendants claimed that they informed Hartford that it was not properly named in the lawsuit because Wilkey filed his complaint using the improper name of "The Hartford Fire Insurance Company."  The Peak Defendants further point out that the settlement agreement in the *Wilkey* Action did not name "The Hartford Fire Insurance Company" as the party who paid the funds, and who would then have the alleged right to claim indemnification under the General Indemnity Agreement, the subject matter of the present action.

As an initial matter, the Court notes that the Complaint (doc. 1) filed in this case contains inconsistent references to Plaintiff's corporate name.   In the caption, Plaintiff is named as "The Hartford Fire Insurance Company."  The first sentence of the body of the Complaint, however, begins "Plaintiff, Hartford Fire Insurance Company hereby asserts the following Complaint . . . ."  In general, the allegations in the body of the complaint, not the names in the caption, determine the parties to a lawsuit.[1]   Under this general principle that allegations in the body of the complaint rather than names in the caption determine

---

[1] *See, e.g., Brackens v. USA Credit,* 233 F.R.D. 613, 614 (D. Kan. 2005) (heading of the complaint misidentified defendant but body of the complaint repeatedly identified the corporate defendant correctly); *Greenwood v. Ross,* 778 F.2d 448, 452 (8th Cir. 1985) (caption not controlling in determining the parties); *Townsend v. State of Okla. ex rel. Okla. Military Dept.,* 760 F. Supp. 884, 888 (W.D. Okla. 1991) (granting plaintiff leave to correct the caption when body of complaint adequately identified the defendant).

the parties to the lawsuit, the Court finds that Plaintiff's usage of its name as "Hartford Fire Insurance Company" in the body of the Complaint controls.  The inconsistent Complaint caption with Plaintiff named as "The Hartford Fire Insurance Company" is therefore deemed to be a clerical mistake.

The Court further determines that granting the relief requested by Plaintiff would not prejudice Defendants because Plaintiff is requesting only to correct its corporate name in this case, not in the *Wilkey* Action.  The Peak Defendants do not dispute that "Hartford Fire Insurance Company" is the correct corporate name of Plaintiff  The Court finds that Plaintiff merely misstated a portion of its corporate name in the caption of the Complaint and that the Peak Defendants have known this since the inception of the case.  The Peak Defendants have not persuaded the Court that they would be prejudiced by allowing Plaintiff to correct its own corporate name in this case.

The Peak Defendants also argue that Plaintiff's motion should be denied as being untimely.  Plaintiff responds that it corrected its name in the caption of the pleadings as soon as counsel realized the mistake. It did not file the instant motion because the issue did not come up until the Peak Defendants filed their Response to Plaintiff's Motion for Summary Judgment.  The Court determines that Plaintiff has stated sufficient justification for the arguable late filing of its motion to correct its corporate name.

The Peak Defendants also contend that the motion is futile because Plaintiff failed to change its name before dismissal in the *Wilkey* Action and the time limitation for correcting clerical mistakes under Fed. R. Civ. P. 60(b) has expired.  The Peak Defendants have not shown, however, how the expiration of the time limitation for correcting clerical mistakes in the *Wilkey* Action would make Plaintiff's motion correcting its corporate name in this case futile.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for An Order to Correct Clerical Error

3

in the Caption of Plaintiff's Complaint Pertaining to the Corporate Name of Plaintiff (doc. 61) is granted.

All references to Plaintiff as "The Hartford Fire Insurance Company" in any pleading filed in this case shall

be deemed to be "Hartford Fire Insurance Company" and these corrections shall relate back to the filing

date of the original Complaint filed in this case.

**IT IS SO ORDERED**.

Dated this 5th day of May, 2006, in Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U. S. MAGISTRATE JUDGE

cc:    All counsel

4