DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HARTFORD FIRE INSURANCE
COMPANY,

        Plaintiff,

v.

P & H CATTLE COMPANY, INC.,
et al.,

        Defendants.

CIVIL ACTION

Case No.  05-2001-DJW

## ORDER

On August 14, 2006, the Court conducted a telephone status conference in this case. Plaintiff appeared through its representative, Lana Glovach, and through counsel, Frank Wendt and Richard W. Byrum. Defendants P & H Cattle Company, Inc.; Emporia Livestock Sales, Inc.; Olma V. Peak; Velma M. Peak (collectively the "Peak Indemnity Defendants"); the Olma V. Peak and Velma M. Peak Irrevocable Trust (the "Peak Trust"); and the Peak Trust's co-trustees, Amby Scott Peak; Virginia L. Morris; and Chrysanne M. Haselhorst appeared through counsel, Dan E. Turner. Defendant Tim Reece appeared through counsel Wilburn Dillon, Jr. This Order memorializes the Court's rulings at the status conference.

    (1)    After hearing the respective positions of the parties, the Court hereby stays any further action on Counts III and IV of Plaintiff's Complaint for debt and to set aside fraudulent conveyances under common law and K.S.A. 33-201 *et seq.* against Olma V. Peak, Velma M. Peak, the Peak Trust; and the Peak Trust co-trustees until such time as the Court enters a final judgment with respect to Count I of Plaintiff's Complaint.

(2) In accordance with the Court's July 28, 2006 Memorandum and Order granting Defendant Reece's Motion for Summary Judgment on Hartford's claim for common law implied indemnity (doc. 75), the Court enters summary judgment in favor of Defendant Tim Reece d/b/a Reece Cattle Company on the cross-claim for implied indemnity asserted by the Peak Indemnity Defendants and Peak Trust Defendants.

(3) Being so advised, the Motion to Withdraw filed by Wilburn Dillon, counsel for Defendant Tim Reece, (doc. 72) is hereby deemed as withdrawn.

(4) **<u>Within thirty (30) days of the date of this Order</u>**, Plaintiff shall either file the parties' stipulation as to the amount of attorney fees to be awarded, or a statement of consultation along with a supplemental statement itemizing the attorney fees expended in defending the indemnification claim, negotiating the claim, settling the claim, and enforcing the provisions of the General Indemnity Agreement. The Peak Indemnity Defendants shall have ten (10) days thereafter to file a response.

**IT IS SO ORDERED**.

Dated this 14th day of August, 2006, in Kansas City, Kansas.

<u>s/ David J. Waxse</u>
David J. Waxse
U. S. MAGISTRATE JUDGE

cc: All counsel