# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THE HARTFORD FIRE INSURANCE
COMPANY,

        Plaintiff,

                                       CIVIL ACTION

v.

                                       Case No. 05-2001-DJW

P & H CATTLE COMPANY, INC.,
et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Strike the Motion to Compel

Filed by Plaintiff (doc. 126). Defendants request that the Court strike Plaintiff's Motion to Compel

Responses to Discovery based upon Plaintiff's failure to file the motion within the thirty-day period

set forth in D. Kan. Rule 37.1(b). For the reasons set forth below, the motion is denied.

## I.    BACKGROUND

Relevant to this motion, Plaintiff served its First Interrogatories and First Request for

Production of Documents to Defendants on July 17, 2008.[1] Defendants served their Discovery

Responses to the Interrogatories and Request for Production of Documents on August 18, 2008.[2]

Defendants asserted objections to Interrogatories 2-5 and all nine of the Requests for Production of

Documents. During the August 25, 2008 telephone status conference with the Court, Plaintiff's

counsel advised Defendants' counsel that the discovery responses were inadequate and a motion to

---

[1]See Certificate of Service (doc. 116).

[2]See Defs.' Notice of Service of Disc. Resps. to the Interrogs. and Req. for Produc. of Docs.
(doc. 118).

compel would be filed unless Defendants agreed to withdraw their objections to discovery.  Three days later, on August 28, 2008, Plaintiff's counsel sent Defendants' counsel a letter requesting supplemental responses to its discovery requests.  Defendants' counsel responded on September 9, 2008 requesting that Plaintiff provide additional legal authority for its discovery requests.  In response to the letter, Plaintiff's counsel contacted Defendants' counsel via telephone in an effort to resolve the dispute on September 15, 2008.  Counsel for Plaintiff informed Defendants' counsel of Plaintiff's intent to file a motion to compel if the parties could not reach an agreement.  Defendants' counsel requested a copy of Plaintiff's proposed motion to compel, which Plaintiff's counsel agreed to provide.  Plaintiff's counsel provided a copy of the proposed motion to compel on September 30, 2008.  The motion was thereafter filed on October 8, 2008.  Defendants responded by filing the instant Motion to Strike the Motion to Compel Filed by Plaintiff.

## II.    DISCUSSION

Defendants contend that Plaintiff's Motion to Compel Discovery should be stricken for failure to comply with D. Kan. Rule 37.1(b).  They argue that, because Plaintiff failed to timely file the motion to compel, any objections to Defendants' answers have been waived.  In response, Plaintiff asks the Court to deny the motion to strike because it made good faith attempts to confer with Defendants' counsel to resolve the parties' discovery disputes without the need for court intervention.

District of Kansas local Rule 37.1(b) requires that:

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing is extended for good cause shown.  Otherwise the objection to the default, response, answer or objection shall be waived.

The rationale of D. Kan. Rule 37.1(b ) is to ensure the court can address discovery disputes while

they are still fresh, and in turn expedite litigation.[3]  While not common, the courts in this District have allowed untimely motions to compel when the existence of information or documents is not known until after the deadline,[4] or when the moving party had relied on the opposing party's false assurances of compliance.[5]

If a motion to compel is filed after the expiration of the time allowed for its timely filing, the proper standard to determine whether it should be allowed out of time is not a showing of good cause, but rather a showing of excusable neglect.[6]  The factors used to determine excusable neglect include: (1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[7]

Under these factors, the Court finds that Plaintiff has shown excusable neglect for failing to

---

[3]*Continental Cas. Co. v. Multiservice Corp*., No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008).

[4]*See Haggard v. Standard Register Co*., Case No. 01-2513, 2003 WL 365955, at *2 (D. Kan. Jan. 21, 2003) (holding that a motion to compel was timely when it was filed less than 30 days after the requesting party discovered at deposition that responsive information was in the possession of the opposing party, despite the fact that the motion was filed over two months after the initial response to the relevant discovery request); *Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*, Case No. 00-2402, 2002 WL 1071932, at *3 (D. Kan. May 10, 2002) (holding that a motion to compel was timely where the defendant did not become aware until the deposition of a corporate representative that the plaintiff had in its possession records kept by electronic means which could be used to recreate all of the design calculations which were called for in the defendant's discovery requests).

[5]*See Allianz Ins. Co. v. Surface Specialities, Inc.*, Case No. 03-2470, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (court excused the defendant's untimely filing of its motion to compel based upon the a showing that of the parties' mutual efforts resolve the discovery dispute continued after the deadline).

[6]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4239454, at *1 (D. Kan. Nov. 30, 2007).

[7]*Id.*

file its motion to compel by the D. Kan. Rule. 37.1(b) deadline. Plaintiff has shown that it made a good faith effort to resolve the disputed discovery issues before filing its motion to compel. The record reflects that the parties discussed and exchanged communications during the relevant thirty-day time period after Defendants served their discovery responses. Notably, a few days before the deadline for filing the motion to compel, Plaintiff informed Defendants of its intent to file a motion to compel if the parties could not reach an agreement on the discovery disputes. Defendant requested a copy of Plaintiff's proposed motion to compel, which Plaintiff's counsel agreed to provide. It was only after Plaintiff provided the proposed motion to compel and the parties concluded their conferring efforts to resolve the motion without court action that Plaintiff then filed its motion to compel. Defendants were thus aware that Plaintiff intended to file its motion to compel. As they received notice that Plaintiff intended to file a motion to compel before the deadline for filing the motion to compel, Defendants will not be prejudiced by the untimely filing of the motion. Finally, the three week delay in filing the motion was relatively short and it has little impact on final disposition of the case. Under these circumstances, the Court finds Plaintiff has shown excusable neglect for the untimely filing of its motion to compel.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike the Motion to Compel Filed by Plaintiff (doc. 126) is denied.

**IT IS FURTHER ORDERED** that Defendants shall have **fourteen (14) days** from the date of this Order to file a response in opposition to Plaintiff's Motion to Compel Responses to Discovery (doc. 124).

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen (14) days** thereafter to file a reply thereto.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th of November, 2008.


s/ David J. Waxse
David  J. Waxse
United States Magistrate Judge


cc:     All counsel and *pro se* parties