LAW OFFICES

# NIEWALD & BROWN

A PROFESSIONAL CORPORATION

51 CORPORATE WOODS
9393 W. 110TH ST., SUITE 500
OVERLAND PARK, KS 66210-1402
(913) 323-6840

TWELVE WYANDOTTE PLAZA
120 WEST 12TH STREET, SUITE 1300
KANSAS CITY, MISSOURI 64105-1932

TELEPHONE: (816) 471-7000
FAX: (816) 474-0872

June 11, 2004

Writer's Direct # (816) 292-7045
fwendt@nwb.com

**VIA FACSIMILE to (620) 342-8681**

Don C. Krueger, Esq.
109 West 6th Avenue
PO Box H
Emporia, KS 66801-7347

    RE: Wilkey v. Hartford, et al.
         Our File: 48-30315

DEPOSITION EXHIBIT
34
10-13-05

Dear Don:

    This letter will confirm our discussions of June 4, 2004. We discussed the merits of the case brought by Aaron Wilkey and it was agreed by all parties that the case should be resolved rather than risk the full judgment plus interest (and possibly attorneys' fees) in favor of the plaintiff on the bond. My client, Hartford, is the surety and your clients, Olma and Velma Peak, are the Hartford's indemnitors. We also left copies of all the relevant documents at your office for review and I assume that you have had an opportunity to make that review.

    Hartford Fire Insurance Company has been a surety for P&H Cattle Co., Inc., since at least 1985. Hartford had issued various bonds on which it is the surety and P&H Cattle Co. is principal in this matter. Your clients gave their indemnity on April 6, 1993. A copy of that indemnity was provided to you. Your clients have given financial statements to support the issuance of the bonds and their indemnity to Hartford over the years. As of June 30, 1999, they provided a financial statement showing total assets of $1,406,135.04. On April 20, 2004, Olma and Velma Peak provided an additional financial statement showing $3,270,810.00 in assets and liabilities of $111,383.00. These financial statements were relied upon in the issuance, increasing and reissuance of bonds, including current bonds being issued to the Peaks' family businesses.

    At the meeting, you advised that the amount of assets listed in the March 2004 financial statement was incorrect. You did not advise how much money they did have. Further, you advised that the Peaks believed the money was in their trust and that those amounts were not responsible either for this claim or, presumably, for any other claims under the current existing bonds with Hartford. I advised you that it was Hartford's

EXH A-22

M:\30330315\Letters\...

Ex. A-22

Don C. Krueger, Esq.
June 11, 2004
Page 2

belief that such a position was tantamount to an admission that your clients had submitted a false statement in order to obtain the bonds. You advised that the Peaks were not responsible as they are elderly and infirm and would simply execute whatever was put before them by unnamed employees of Emporia Livestock Sales.

This position is obviously extremely distressing to Hartford. Hartford finds that it has incurred significant legal fees because the indemnitors, through Mr. Turner (who represented he was counsel for Olma and Velma), refused to defend Hartford. Hartford has incurred fees in the understanding that, as related by Mr. Turner, the principal and the indemnitors believed they had a strong defense to the claim. It is now clear from Mr. Turner's recent explanation that there is not a strong defense and this matter should be settled as quickly as possible.

Hartford is looking to its indemnitors Olma and Velma Peak to settle the matter. As you will see in my letter to Mr. Turner, it is apparent that the plaintiff is willing to settle this matter for a substantial discount. I also believe that Mr. Reece can be compelled to make a contribution of some amount. I am also advised by Mr. Dillon that Mr. Reece and your clients have refused to do business with the business operated by Aaron Wilkey's father, and he is now putting pressure on Mr. Wilkey to settle this matter. Accordingly, this letter is once again a demand that your clients assume full financial responsibility for this matter and resolve the claim prior to the need to incur substantial additional attorneys' fees. If not, in light of Mr. Turner's current assessment of the case, it will be necessary for Hartford to settle this matter and pursue your clients for reimbursement including its full attorneys' fees in both the action and in any legal costs pursued in obtaining reimbursement from your clients.

We received and reviewed the Olma V. Peak and Velma M. Peak Irrevocable Trust dated February 17, 1998. The provisions of the trust which we received disclose only that land was to be transferred to the property at the time the trust was executed. We understand significant additional assets may have been placed in the trust since that date and we do not know the date on which those transfers occurred. However, this claim arises under the indemnity agreement executed by your clients in 1992, six years prior to executing the trust. Clearly, Hartford was an anticipated creditor at the time those assets were placed into the trust and the trust would not affect Hartford's ability to pursue those assets in satisfaction of any amounts it is due under the indemnity agreement. Further, this claim arose in 2001, approximately three years after the trust was established. (Since at this time we do not know when all property that is in the trust was transferred into the trust, part of the assets of the trust could have been transferred subsequent to this claim being made.) Under these facts, it is clear that the trust does not protect your clients' assets from Hartford's claims under the indemnity agreement.

Don C. Krueger, Esq.
June 11, 2004
Page 3

    With respect to the trust, it is clear the income which must be distributed annually is not protected from Hartford's claim. Further, the transfer into trust is void as to Hartford as the obligation to Hartford to indemnify it was incurred prior to the transfer into the trust. KSA § 33-205. Furthermore, the transfer, in light of the scale of operations of P&H Cattle, is clearly a fraudulent transfer pursuant to KSA § 33-204(a)(2)(A) and (B) (actual intent to hinder, delay or defraud not required, only that the transfer was without receiving a reasonably equivalent value and the debtors were or were about to engage in a business for which the remaining assets of the debtors were unreasonably small in relation to the business). Obviously, Hartford does not have all the facts and it does not waive a further claim that the transfer(s) also occurred with the actual intent to hinder, delay or defraud creditors under 33-204(a)(1). If such evidence was discovered, Hartford would also have a claim for punitive damages under authority of *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1 (2002) and *Golconda Screw, Inc., West Bottoms Ltd.*, 20 Kan. App. 2d 1002 (1995).

    As you can see by copy of the letter that I sent to the attorney for Mr. Reece, it is my belief that whoever settles this action is at this time in a position to force Mr. Reece to make some significant contribution to the settlement. As you can also see by the fact that Mr. Scott Peak has been contacting Mr. Wilkey direct and from the conversation that I had with Pat White, attorney for the plaintiff, it is possible that a significant discount can be obtained by a prompt settlement at this time. Accordingly, please advise me no later than Monday, June 14, 2004, 5:00 p.m. CDT, as to your clients' intentions. If no action is taken by your client, Hartford will have no option but to proceed to protect its interest.

                              Very truly yours,

                              NIEWALD & BROWN, P.C.

                              Frank Wendt

FW:slk
cc:    Ms. Lana Glovach (via facsimile at (860) 547-2092)

P. 1

\*\*\* Transmission Result Report ( Jun. 11. 2004  8:28PM ) \*\*\*

T T I

| File | Mode | Option | Address (Group) | Result | Page |
|------|------|--------|-----------------|--------|------|
| 8461 | SAF_TX | | 16203428681 | OK | P. 4/4 |
| | | | 18605472092 | OK | P. 4/4 |

SLK

Reason for Error
1) Hang up or line fail         2) Busy
3) No answer                    4) No facsimile connection

LAW OFFICES
# NIEWALD & BROWN
A PROFESSIONAL CORPORATION
911 MAIN STREET, SUITE 2300, KANSAS CITY, MISSOURI 64105, (816) 292-7000

51 CORPORATE WOODS, 9393 WEST 110TH STREET, SUITE 500, OVERLAND PARK, KANSAS 66210, (913) 341-6640

## TELECOPIER TRANSMITTAL COVER SHEET
Telecopy No. (816) 474-0872

TO:       Don C. Krueger, Esq.                    TELECOPY NO.:  (620) 342-8681

cc:       Lana Glovach                            TELECOPY NO.:  (860) 547-2092

FROM:     Frank Wendt

FILE NAME: Aaron Wilkey d/b/a A&W Cattle Company vs. The Hartford Fire Insurance Company, P&H Cattle Company, Inc., and Tim Reece; Case No. 02-2376 CM in the United States District Court for the District of Kansas, Kansas City Division
Surety:      The Hartford
Bond No.:    4642567/Assigned 87 SU4 642567
Principal:   P&H Cattle Co., Inc.
Indemnitors: Emporia Livestock Sales, Inc., Olma V. Peak, and Velma Peak

FILE NO.:  48-30315

NUMBER OF PAGES INCLUDING THIS COVER PAGE: 4

HID 00237